Ingraham, J.
There was no error in excluding the inquiry put to Lytle as to his connection with Elizabeth Dixon. It was immaterial whether any other person had connection with her or not. The offense charged was the advising means to produce an abortion, and would have been the same whether the prisoner or Lytle was the father of the child.
The main question in the case is whether the court erred in refusing to strike out the second count in the indictment, and, if such refusal was erroneous, whether the verdict can be sustained notwithstanding such refusal.
The objection to the second count is that there is no time or place averred at which the offense is charged to have been committed, so as to show that it was within-the jurisdiction of the court. This count charges that at a certain time and place the said Elizabeth Dixon was pregnant, and that the defendant, with the intent to cause and produce her miscarriage, did advise and procure her, then and there, to take, &c. The objection to this count is that the words “ then and there ” should have been inserted prior to the allegation of advice and procurement, and not as to the taking and use of the medicines. The ordinary interpretation of this count would be that the advice . *470 "was given at the time when Elizabeth was averred to be there, and when it was averred that she was to take the medicine advised and procured to be taken. It was all in the same tense, and related to the same moment of time. The charge was that she was then pregnant; that the prisoner advised and procured her, then and there (that is, at the time before mentioned, viz: when she was there pregnant), to take the medicines. All the acts charged relate to the same time, and the application of the rule that certainty to a common intent is sufficient, would be enough to sustain this count.
But, conceding that the second count was defective, that would not be fatal if the first count was good. People v. Wiley, 3 Hill, 194; Kane v. People, 8 Wend. 203, 211; People v. Gilkinson, 4 Park. Cr. 26, 29.
The first count is conceded by the prisoner’s counsel to be good, but he contends that the evidence could not apply to it. The averment is that the prisoner advised Elizabeth Dixon to take certain medicines, drugs and substances, to wit, certain pills, known as Dr. James Ciarle’s female pills, and the evidence was that he bought a bottle of Dr. Clark’s female ¡nils, and told her to take them, &c.
There cm he no doubt if the nature of the medicines had not been stated under a videlicet the count would have been amply sufficient and the evidence would have sustained it. It has been held that whatever is not necessary to constitute the offense may be treated as surplusage.
This is particularly the case where the offense is statutory, and in such a case it is always sufficient to charge the offense in the words of the statute, although more particularity is required in bringing the offense within it, where, as in this case, more words are used than is necessary to make out the offense; I think the remaining may be rejected as surplus-age. Various cases to this effect may found in 2 Whart. Cr. L. 626.
But I think the allegation was substantially proven, if it was not to be regarded as surplusage. The evidence showed the prisoner to have done everything averred in this count, excepting that the pills recommended were Dr. Ciarle’s pills instead of Dr- James Clark’s pills, and there was also evidence to *471 show that the prisoner had purchased. Sir James Clark’s pills, at the place where he told Elizabeth Dixon he had purchased them. If it had been necessary to show that the- pills he recommended were Dr. James Clark’s pills, the evidence was ample to submit to the jury the question whether it was this particular medicine the prisoner recommended, and upon this point the finding is against the prisoner.
There is no ground for interfering with the judgment of the general term.
The judgment should be affirmed, and proceedings remitted to sessions.
Wright, J.
It is not claimed that the conviction is erroneous, if the second count of the indictment is good. This count, it is contended on behalf of the defendant, is bad for want of a sufficient venue. I am not able to see this defect.
The defendant was indicted, under the statute of 1845, making it criminal for a person to advise or procure any pregnant woman to take any medicine, drug, substance or thing whatever, with the intent thereby to procure the miscarriage of any such woman. L. 1845, c. 2G0, § 2.
[The judge here recited the two counts above given in full.]
The criticism of the defendant’s counsel upon this [second] count, I think, has nothing of substance of it. He concedes that if the allegation had been that the defendant “ did then and there advise and procure the said Elizabeth Dixon then and there to take,” &c., the count would have been good; but contends that as it stands, the giving of the advice and procuring her to take (the only acts of the defendant constituting the crime charged), are without venue of time or place. If this were the fair construction, if would be fatal; for time and place must be attached to every material fact averred. But it is hypercritical. The time and place of advising and procuring arc stated, as will be seen by reading the count, omitting the adjunctive and parenthetic clauses showing the condition of the woman. It would then read: “ heretofore, to wit, at the time and place aforesaid (that is, at Oswegatchie, June 22,18G1), George Crichton, did advise and procure her, the said Elizabeth *472 Dizon, then arid there to take,” &c. Unless the time and place first mentioned in the count refer to the advising and procuring, they do not refer to anything.
Being of opinion that the second count is not defective in the particular suggested, it is unnecessary to pursue the further inquiry whether the defendant was properly convicted on the first, which is conceded to be unobjectionable.
The judgment of the supreme court should be affirmed.
All the judges concurred in affirming the judgment.
Judgment affirmed.